**Frontier Law Center**
Robert Starr (183052)
Adam Rose (210880)
Manny Starr (319778)
23901 Calabasas Road, Suite 2074
Calabasas, CA 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433
E-Mail:  robert@frontierlawcenter.com
         adam@frontierlawcenter.com
         manny@frontierlawcenter.com

Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODI FLOTH, and VERONICA ESHELBY on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>TOO FACED COSMETICS, LLC,<br><br>　　　　　　　　Defendant. | Case No.<br><br>**CLASS ACTION**<br>**COMPLAINT**<br>1. **Breach of Express Warranty**<br>2. **Breach of Implied Warranty**<br>3. **Violation of Consumer Legal Remedies Act**<br>4. **Violation of False Advertising Law**<br>5. **Violation of Unlawful Prong of the Unfair Competition Law**<br>6. **Violation of the Fraudulent Prong of the Unfair Competition Law**<br>7. **Violation of the Unfair Prong of the Unfair Competition Law**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiffs Jodi Floth and Veronica Eshelby ("Plaintiffs") allege the following:

## NATURE OF ACTION

1. This is a prospective class action against Too Faced Cosmetics, LLC ("Defendant") for representing that Defendant's Better Than Sex Mascara product (the "Product") claim has 1,944% more volume (the "Claim"). As alleged in the complaint, this claim, set forth on the product packaging is false and misleading.



CLASS ACTION COMPLAINT                                                                                         1

2. Defendant's dissemination of the Claim to California consumers constitutes violations of California's False Advertising law ("FAL"), the unfair, unlawful and fraudulent prongs of the Unfair Competition Law ("UCL"), and Consumer Legal Remedies Act ("CLRA"), as well as breaches of express and implied warranties. Essentially, the Product does not produce the level of volume promised.

3. As a result of Defendant's false and misleading advertising claims and marketing practices, Plaintiffs and the class members induced into purchasing and paid a substantial premium for Better Than Sex Mascara because they were deceived into believing that they were purchasing a product that would provide them with twenty times more volume. As a result, Plaintiffs and the class members were injured in fact and suffered ascertainable and out-of-pocket losses.

## THE PARTIES

4. Plaintiff Jodi Floth is a resident of Stanislaus County, California. She purchased Better Than Sex Mascara on two occasions most recently, at a Sephora retail location in Modesto, California in approximately September 2017. The Product did not provide 1,944% more volume as advertised. The Product produced volume comparable to competitor products that do not make the 1,944% Claim and sell for less than half the price. Plaintiff Floth would not have purchased the product if she knew that the 1,944% Claim was false and misleading.

5. Veronica Eshelby is a resident of Orange County, California. She purchased the Better Than Sex Mascara at a Target retail location in Irvine in approximately October 2016. The Product did not provide 1,944% more volume as advertised. The Product produced volume comparable to competitor products that do not make the 1,944% Claim and sell for less than half the price. She would not have purchased the Product if she knew that the 1,944% claim was false and misleading.

6.	Too Faced Cosmetics, LLC is a Delaware limited liability company with its principal place of business at 18231 McDurmott West, Irvine, California 92614.

## JURISDICTION AND VENUE

7.	The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class Members, the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs.

8.	Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal business in Orange County.

## FACTUAL ALLEGATIONS

**A.**	The Marketing and Sale of the Product

9.	Mascara uses pigments, oils, waxes, and preservatives to enhance eyelashes. Mascara production is a thriving industry that was worth $335.6 million in 2016. Into this lucrative market, Better Than Sex Mascara was launched.



10.	The product label promises consumers that Better Than Sex mascara will provide "1,944% more volume."

11.	In addition, in its marketing and advertising materials for the Product, including but not limited to its website and YouTube channel, Defendant repeats and reinforces the 1,944% Claim.

12.	Defendant has made and or continues to make the following representations about the Better Than Sex Mascara product in support of the 1,944% Claim on the packaging:

      a. "1,944% more volume!* … *results observed in a clinical study.

      b. "Don't miss out on the mind-blowing mascara that gives your lashes 1,944% more volume."

      c. "Too Faces Better Than Sex Waterproof Mascara is a sweat-proof, waterproof, play-proof mascara that gives you 1,944% more volume.** … **clinical study results"

13. Defendant charges a substantial premium for the Product. A .027 oz. bottle of the Product sells for $23.00 at retail, while a 0.17 oz bottle sells for approximately $20.00. Comparable competitor's products that do not make the 1,944% Claim cost less than half as much as Better Than Sex Mascara.

14. In 2017, the National Advertising Division of the Better Business Bureau (NAD) commenced an investigation of Two Faced, amid allegations that the 1,944% claim was false and misleading, the NAD recommended that Defendant discontinue the 1,944% claim.

15. In response to the NAD's findings, Defendant stated that it would not agree to discontinue the 1,944% claim, but would stop making reference to clinical studies. Defendant further represented in writing that it would permanently discontinue an online Home Shopping Network ("HSN") video concerning the 1,944%. *See* https://hsnnow.hsn.com/v/too-faced-better-than-sex-mascara-mp4/99050318/ ("HSN Video").

16. The HSN video includes false, misleading and self-described "crazy" claims concerning a 1,944% increase in volume from using Better than Sex Mascara, repeated over and over. Highlights of the HSN Video include the following exchanges:

    HSN Host:    This has got a claim on it that I have never in my life in my career heard any other mascara say…

| | | |
|---|---|---|
| 1 | Too Faced Rep: | Isn't it crazy? 1,944%! This is a study of 40 women after 3 coats of Better Than Sex, that is the percentage, 1,944% improvement in the appearance. It's an incredible claim. |

HSN Video at 0:35-057.

***

| | | |
|---|---|---|
| | HSN Host: | 1,944% improvement in the appearance of your lashes, that's crazy, I've never seen that number, that statistic. And we don't just pull that out of thin air. |
| | Too Faced Rep: | No, we do it in the lab… and we do study after study. … That is truth it is 1,944%. It's crazy, but its true. |

HSN Video at 4:45-5:10.

***

| | | |
|---|---|---|
| | HSN Host: | There is simply no other mascara in the world that can say 1,944% improvement in the look of your lashes. It's crazy! |
| | Too Faced Rep: | Absolutely! |

1  HSN Video at 6:03-6:16.



**Caption**: HSN Video Screen Shot at 1:37

17. Defendants has failed to live up to its written promise to permanently discontinue the HSN Video.

18. On November 28, 2017, Plaintiffs sent Defendant a CLRA pre-suit notice letter. Defendant never responded to the letter. Defendants did not respond to the letter.

19. As of April 20, 2018, that video remains featured on the HSN website. *See* https://hsnnow.hsn.com/v/too-faced-better-than-sex-mascara-mp4/99050318/. On April 20, 2018, the National Advertising Review Board, the Appellate unit of the NAD affirmed the 2017 decision. In response, the Company did not indicate that it would recall the products.

## CLASS ACTION ALLEGATIONS

20. Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all persons in the United States who, within the relevant statute of limitations period, purchased Better Than Sex Mascara.

21. Plaintiffs also seek to represent a subclass defined as all members of the Class who purchased Better Than Sex Mascara in California ("the California Subclass").

22. The Class is so numerous that joinder of all members is impractical. Although Plaintiffs do not yet know the exact size of the Class, the Product is sold in major retail stores across the State, including stores such as Target and Sephora. On information and belief, the Class includes more than one hundred thousand members.

23. The Class is ascertainable because the Class Members can be identified by objective criteria – the purchase of Better Than Sex Mascara during the Class Period. Individual notice can be provided to Class Members "who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

24. There are numerous questions of law and fact common to the Class which predominate over individual actions or issues, including but not limited to:

    (a)    Whether Defendant breached an express warranty made to Plaintiffs and the Class;

    (b)    Whether Defendant breached the implied warranty of fitness for a particular purpose;

    (c)    Whether Defendant's product packaging and marketing of the Product is false, misleading, and/or deceptive;

    (d)    Whether Defendant's marketing of the Product is an unfair business practice;

    (e)    Whether the Product name is false and misleading;

    (f)    Whether Defendant was unjustly enriched by its conduct;

    (g)    Whether Defendant violated the CLRA;

    (h)    Whether Defendant violated the UCL;

    (i)    Whether Defendant violated the FAL;

    (j)    Whether Class Members suffered an ascertainable loss as a result of Defendant's misrepresentations; and

(k) Whether, as a result of Defendant's misconduct as alleged herein, Plaintiffs and the Class Members are entitled to restitution, injunctive and/or monetary relief and, if so, the amount and nature of such relief.

25. Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendant's wrongful conduct. Plaintiffs have no interests antagonistic to the interests of the other members of the Class. Plaintiffs and all members of the Class have sustained economic injury arising out of Defendant's violations of common and statutory law as alleged herein.

26. Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class Members they seek to represent, they have retained counsel competent and experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of the Class Members will be fairly and adequately protected by Plaintiffs and their counsel.

27. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and the Class Members.

## First Cause of Action
## Breach of Express Warranty
## By All Class Members Against All Defendants

28. Plaintiffs repeat the allegations contained in the paragraphs above as if fully set forth herein.

29. Plaintiffs bring this Count individually and on behalf of the members of the Class.

30. In connection with the sale of Better Than Sex Mascara, Defendant issued express warranties including that Better Than Sex Mascara provided 1,944% more volume.

31. Defendant's affirmations of fact and promises made to Plaintiffs and the Class on Better Than Sex Mascara, which was bolstered by Defendant's advertising and public statements, became part of the basis of the bargain between Defendant on the one hand, and Plaintiffs and the Class Members on the other, thereby creating express warranties that Better Than Sex Mascara would conform to Defendant's affirmations of fact, representations, promises, and descriptions.

32. Defendant breached its express warranties because Better Than Sex Mascara does not provide 1,944% more volume.

33. Plaintiffs and the Class Members were injured as a direct and proximate result of Defendant's breach because: (a) they would not have purchased Better Than Sex Mascara if they had known the true facts; (b) they paid a premium for Better Than Sex Mascara due to the mislabeling; and (c) Better Than Sex Mascara did not have the quality, effectiveness, or value as promised.

## Second Cause of Action
## Breach of Implied Warranty of Fitness for a Particular Purpose
## By All Class Members Against All Defendants

34. Plaintiffs repeat the allegations contained in the paragraphs above as if fully set forth herein.

35. Plaintiffs bring this Count individually and on behalf of the members of the Class.

36. Defendant marketed, distributed, and/or sold Better Than Sex Mascara with implied warranties that they were fit for the particular purpose of providing 1,944% more volume.

37. In reliance on Defendant's skill and judgment and the implied warranties of fitness for the purpose, Plaintiffs and the Class Members purchased Better Than Sex Mascara.

38. Plaintiffs and the Class Members were injured as a direct and proximate result of the breach because: (a) they would not have purchased Better Than Sex

Mascara if the true efficacy had been known; (b) they paid an increased price for Better Than Sex Mascara based on Defendant's representations regarding the mascara's properties and efficacy; and (c) Better Than Sex Mascara did not have the characteristics, uses, or benefits as promised.  As a result, Plaintiffs and the Class Members have been damaged.

## Third Cause of Action

## Violation of the Consumer Legal Remedies Act

## By California Class Against All Defendants

39. Plaintiffs repeat the allegations contained in the paragraphs above as if fully set forth herein.

40. Plaintiffs bring this Count individually and on behalf of the California Subclass.

41. Plaintiffs and the California Class Members are consumers who purchased Better Than Sex Mascara for personal, family, or household purposes. Accordingly, Plaintiffs and the California Class Members are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).  Plaintiffs and the California Class Members are not sophisticated experts with independent knowledge of the formulation or efficacy of Better Than Sex Mascara.

42. At all relevant times, Better Than Sex Mascara constituted a "good" as that term is defined in Cal. Civ. Code § 1761(a).

43. At all relevant times, Defendant was a "person" as that term is defined in Civ. Code § 1761(c).

44. At all relevant times, Plaintiffs' purchase of Better Than Sex Mascara, and the purchases of Better Than Sex Mascara by other Class Members, constituted "transactions" as that term is defined in Cal. Civ. Code § 1761(e).  Defendant's actions, representations, and conduct has violated, and continues to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of Better Than Sex Mascara to consumers.

45. The policies, acts, and practices described in this Complaint were intended to and did result in the sale of Better Than Sex Mascara to Plaintiffs and the Class. Defendant's practices, acts, policies, and course of conduct violated the CLRA §1750 *et seq.* as described above.

46. Defendant represented that Better Than Sex Mascara had sponsorship, approval, characteristics, uses, and benefits which it did not have in violation of Cal. Civ. Code § 1770(a)(5).

47. Defendant represented that Better Than Sex Mascara was of a particular standard, quality, and grade, when it was another, in violation of California Civil Code § 1770(a)(7).

48. Defendant violated California Civil Code §§ 1770(a)(5) and (a)(7) by representing that Better Than Sex Mascara provided 1,944% more volume, when it did and does not.

49. Defendant advertised Better Than Sex Mascara with the intent not to sell it as advertised in violation of § 1770(a)(9) of the CLRA since the Better Than Sex Mascara does not provide 1,944% more volume.

50. Plaintiffs and the Class Members suffered injuries caused by Defendant's misrepresentations because: (a) Plaintiffs and the Class Members would not have purchased Better Than Sex Mascara if they had known the true facts; (b) Plaintiffs and the Class paid an increased price for Better Than Sex Mascara due to the mislabeling of Better Than Sex Mascara; and (c) Better Than Sex Mascara did not have the level of quality, effectiveness, or value as promised.

51. Prior to the filing of this Complaint, a CLRA notice letter was served on Defendant which complies in all respects with California Civil Code § 1782(a). Defendant did not respond to the letter.

52. Wherefore, Plaintiffs seeks damages, restitution, and injunctive relief for this violation of the CLRA.

**Fourth Cause of Action**

**Violation of the False Advertising Law**

**By California Class Against All Defendants**

53. Plaintiffs repeat the allegations contained in the paragraphs above as if fully set forth herein.

54. Plaintiffs bring this Count individually and on behalf of the California Subclass.

55. California's FAL (Bus. & Prof. Code §§17500, *et seq.*) makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

56. Throughout the Class Period, Defendant committed acts of false advertising, as defined by the FAL, by using false and misleading statements to promote the sale of Better Than Sex Mascara, as described above, and including, but not limited to, representing that Better Than Sex Mascara provided 1,944% more volume.

57. Defendant knew or should have known, through the exercise of reasonable care, that their statements were untrue and misleading.

58. Defendant's actions in violation of the FAL were false and misleading such that the general public is and was likely to be deceived.

59. As a direct and proximate result of these acts, consumers have been and are being harmed. Plaintiffs and members of the Class have suffered injury and actual out-of-pocket losses as a result of Defendant's FAL violation because: (a) Plaintiffs and the Class would not have purchased Better Than Sex Mascara if they

had known the true facts regarding the effectiveness of Better Than Sex Mascara; (b) Plaintiffs and the Class paid an increased price due to the misrepresentations about Better Than Sex Mascara; and (c) Better Than Sex Mascara did not have the promised quality, effectiveness, or value.

60. Plaintiffs bring this action pursuant to Bus. & Prof. Code § 17535 for injunctive relief to enjoin the practices described herein and to require Defendant to issue corrective disclosures to consumers. Plaintiffs and the California Class are therefore entitled to: (a) an order requiring Defendant to cease the acts of unfair competition alleged herein; (b) full restitution of all monies paid to Defendant as a result of their deceptive practices; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiffs' attorneys' fees and costs pursuant to, *inter alia*, California Code of Civil Procedure §1021.5.

## Fifth Cause of Action

## Violation of the "Unlawful Prong" of the Unfair Competition Law

## By California Class Against All Defendants

61. Plaintiffs repeat the allegations contained in the paragraphs above as if fully set forth herein.

62. Plaintiffs bring this Count on behalf of the California Subclass.

63. The UCL, Bus. & Prof. Code § 17200 *et seq.*, provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …." The UCL also provides for injunctive relief and restitution for UCL violations.

64. "By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the UCL makes independently actionable." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999) (citations and internal quotation marks omitted).

65. Virtually any law or regulation – federal or state, statutory, or common law – can serve as a predicate for an UCL "unlawful" violation. *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1383 (2012).

66. Defendant violated the "unlawful prong" by violating the CLRA, and the FAL, as well as by breaching express and implied warranties as described herein.

67. As a direct and proximate result of these acts, consumers have been and are being harmed. Plaintiffs and members of the Class have suffered injury and actual out-of-pocket losses as a result of Defendant's UCL "unlawful prong" violation because: (a) Plaintiffs and the Class would not have purchased Better Than Sex Mascara if they had known the true facts regarding the effectiveness and contents of Better Than Sex Mascara; (b) Plaintiffs and the Class paid an increased price due to the misrepresentations about Better Than Sex Mascara; and (c) Better Than Sex Mascara did not have the promised quality, effectiveness, or value.

68. Pursuant to Bus. & Prof. Code §17203, Plaintiffs and the California Class are therefore entitled to: (a) an order requiring Defendant to cease the acts of unfair competition alleged herein; (b) full restitution of all monies paid to Defendant as a result of their deceptive practices; (c) interest at the highest rate allowable by law; and (d) attorneys' fees and costs pursuant to Code of Civil Procedure §1021.5.

**Sixth Cause of Action**

**Violation of the "Fraudulent Prong" of the Unfair Competition Law**
**By California Class Against All Defendants**

69. Plaintiffs repeat the allegations contained in the paragraphs above as if fully set forth herein.

70. Plaintiffs bring this Count on behalf of the California Subclass.

71. The UCL, Bus. & Prof. Code § 17200 *et seq.*, provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

72. Defendant's conduct, described herein, violated the "fraudulent" prong of the UCL because Defendant expressly and impliedly represented that Better Than Sex Mascara provided 1,944% more volume. Plaintiffs and the California Class Members are not sophisticated experts with independent knowledge of the formulation or efficacy of Better Than Sex Mascara, and they acted reasonably when they purchased Better Than Sex Mascara based on their belief that Defendant's express and implied representations were true.

73. Defendant knew or should have known, through the exercise of reasonable care, that their representations about Better Than Sex Mascara were untrue and misleading.

74. As a direct and proximate result of these acts, consumers have been and are being harmed. Plaintiffs and members of the Class have suffered injury and actual out-of-pocket losses as a result of Defendant's UCL "fraudulent prong" violation because: (a) Plaintiffs and the Class would not have purchased Better Than Sex Mascara if they had known the true facts regarding the effectiveness of Better Than Sex Mascara; (b) Plaintiffs and the Class paid an increased price due to the misrepresentations about Better Than Sex Mascara; and (c) Better Than Sex Mascara did not have the promised quality, effectiveness, or value.

75. Pursuant to Bus. & Prof. Code §17203, Plaintiffs and the California Class are therefore entitled to: (a) an order requiring Defendant to cease the acts of unfair competition alleged herein; (b) full restitution of all monies paid to Defendant as a result of their deceptive practices; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiffs' attorneys' fees and costs pursuant to, *inter alia*, California Code of Civil Procedure §1021.5.

**Seventh Cause of Action**

**Violation of the "Unfair Prong" of the Unfair Competition Law**

**By California Class Against All Defendants**

76. Plaintiffs repeats the allegations contained in the paragraphs above as if fully set forth herein.

77. Plaintiffs bring this Count on behalf of the California Subclass.

78. The UCL, Bus. & Prof. Code § 17200 *et seq.*, provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

79. Defendant's misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits. Defendant's conduct is unfair in that the harm to Plaintiffs and the Class arising from Defendant's conduct outweighs the utility, if any, of those practices.

80. Defendant's practices as described herein are of no benefit to consumers who are tricked into believing Better Than Sex Mascara provides 1,944% more volume.

81. As a direct and proximate result of these acts, consumers have been and are being harmed. Plaintiffs and members of the Class have suffered injury and actual out-of-pocket losses as a result of Defendant's UCL "unfair prong" violation because: (a) Plaintiffs and the Class would not have purchased Better Than Sex Mascara if they had known the true facts regarding the effectiveness and contents of Better Than Sex Mascara; (b) Plaintiffs and the Class paid an increased price due to the misrepresentations about Better Than Sex Mascara; and (c) Better Than Sex Mascara did not have the promised quality, effectiveness, or value.

82. Pursuant to Bus. & Prof. Code §17203, Plaintiffs, and the California Class are therefore entitled to: (a) an order requiring Defendant to cease the acts of

unfair competition alleged herein; (b) full restitution of all monies paid to Defendant as a result of their deceptive practices; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiffs' attorneys' fees and costs pursuant to, *inter alia*, California Code of Civil Procedure §1021.5.

**WHEREFORE**, Plaintiffs pray for relief and judgment, as follows:

A. Determining that this action is a proper class action;

B. For an order declaring that the Defendant's conduct violates the statutes referenced herein;

C. Awarding compensatory and punitive damages in favor of Plaintiffs, members of the Class, and the California Class against Defendant for all damages sustained as a result of the Defendant's wrongdoing, in an amount to be proven at trial, including interest thereon;

D. Awarding injunctive relief against Defendant to prevent Defendant from continuing their ongoing unfair, unconscionable, and/or deceptive acts and practices;

E. For an order of restitution and/or disgorgement and all other forms of equitable monetary relief;

F. Awarding Plaintiffs and members the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

G. Awarding such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims so triable in this action.

Dated:  April 20, 2018                              FRONTIER LAW CENTER


                                                                  /s/ Adam Rose
                                                                  Attorney for Plaintiffs